**UNITED STATES DISTRICT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**
*Electronically Filed*

KEVIN BURNEY, as Surviving Child of
KESHA BROWNLEE, deceased;
KEVIN BURNEY, as Administrator of the Estate
of KESHA BROWNLEE;
KEVAUGHN BURNEY, as Surviving Child of
KESHA BROWNLEE, deceased;
AND
KEMAL BURNEY, as Surviving Child of
KESHA BROWNLEE, deceased

Plaintiffs,                                          Case File No.:

_____

                                                    Jury Trial Demanded

v.

FULTON COUNTY, GEORGIA
SHERIFF THEODORE JACKSON,
CAPTAIN TAMMY THOMPSON-WINFREY,
COLONEL MARK ADGER,
MEDICAL DIRECTOR MEREDIETH LIGHTBOURNE,
DETENTION CAPTAIN TYNA TAYLOR,
DETENTION LT. PEARLIE YOUNG,
LT. COLONEL KIRT BEASLEY,
LT. COLONEL DERRICK SINGLETON,
MAJOR KENNETH WALKER,
DETENTION OFFICER TYANA HANKS,
DEPUTY OLIVIA DIOKPARA,
DEPUTY ANGELIC DOUGLAS,
DEPUTY ANTOINETTA BAILEY,
DEPUTY EBONITE CLEVELAND,
SGT. CHERYL LIMEHOUSE,
SGT. JESSICA STEWART,
BOOKING OFFICER SAMUEL NORVA,

1

DEPUTY KISHA CAMPBELL,
UNKNOWN JAIL OFFICER DEFENDANTS,
NURSE CARLA SPELLS,
NURSE FRANKLIN (first name unknown),
NURSE NWANKO (first name unknown),
UNKNOWN JAIL NURSE DEFENDANTS,
AND
WELLPATH LLC, formerly known as CORRECT CARE SOLUTIONS, LLC

Defendants.

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

---

Plaintiffs, Kevin Burney, as surviving child of decedent, Kesha Brownlee, and as Temporary Administrator for the estate of Kesha Brownlee, Kevaughn Burney, as surviving child of decedent Kesha Brownlee, and Kemal Burney, as surviving child of decedent Kesha Brownlee, for their Complaint, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Kevin Burney, is a citizen and resident of the State of Georgia. Kevin Burney is the natural born son, and administrator of the estate, of the Decedent, Kesha Brownlee.

2. The Plaintiff, Kevaughn Burney, is a citizen and resident of the state of Georgia. Kevaughn Burney is the natural born son of the Decedent, Kesha Brownlee.

3. The Plaintiff, Kemal Burney, is a citizen and resident of the state of Georgia. Kemal Burney is the natural born son of the Decedent, Kesha Brownlee.

4. The Decedent, Kesha Brownlee was an inmate incarcerated at South Fulton Jail from February 17, 2017, until her death on April 22, 2017. At the time of her death the Decedent was survived by her three children, the Plaintiffs Kevin Burney, Kevaughn Burney, and Kemal Burney, each of whom bring this claim in their capacity as surviving children under the Georgia Wrongful Death Act.

5. Kevin Burney was appointed administrator of the Estate of Kesha Brownlee on April 1, 2019 by the Coweta County, Georgia, Probate Court, and he brings this action in that capacity as well.

6. The Fulton County Jail is the jail operated by Fulton County and Sheriff Theodore Jackson in Fulton County, Georgia. The Fulton County Jail has three locations: the principal location known as the Rice Street facility, a northern Fulton County annex facility in Alpharetta, and a southern Fulton County annex facility in Union City. The southern Fulton County annex facility, which houses inmates of both the Fulton County Jail and Union City, is referred to alternatively

as the South Fulton Annex, the Union City Annex, and/or the South Fulton Municipal Regional Jail. The southern Fulton County annex facility is the physical facility in which the Decedent was incarcerated at all relevant times in this Complaint, and it is hereafter referred to as the "South Fulton Jail."

7. The Defendant, Fulton County, Georgia is a county entity, organized and existing under the laws of the State of Georgia, subject to suit pursuant to facts set forth hereinafter, which may be served by and through a majority of the Fulton County Commissioners pursuant to O.C.G.A. § 36-1-5, to wit: Robb Pitts, Chairman, Liz Hausmann, Commissioner, Bob Ellis, Commissioner, Lee Morris, Commissioner, Natalie Hall, Commissioner, Marvin S. Arrington, Commissioner, Emma Darnell, Commissioner, all at 141 Pryor Street SW, 10th Floor, Atlanta, Georgia 30303. Fulton County is responsible for ensuring that medical services are provided to inmates, and that the serious medical needs of inmates are met, through the Fulton County Jail system, including the South Fulton Jail. Fulton County contracted with, and was responsible for supervision of, the Defendant Wellpath, LLC, with respect to the provision of medical services to inmates at the South Fulton Jail. Fulton County, Georgia, is subject to the jurisdiction of this Court.

8. The Defendant, Sheriff Theodore Jackson, is the Fulton County Sheriff and is a resident of Fulton County, Georgia. Sheriff Jackson was responsible for the operation and supervision of staff and inmates at the South Fulton Jail and was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met. With respect to the provision of medical services to inmates and ensuring that the serious medical needs of inmates were met, the Sheriff Jackson was acting as a county official and performed the duties and responsibilities of Fulton County. Sheriff Jackson may be served with Summons and Complaint at 185 Central Avenue S.W., Atlanta, Georgia 30303.

9. Defendant Captain Tammy Thompson-Winfrey is a Captain with the Fulton County Sheriff's Office who was responsible for the operation and supervision of staff and inmates at the South Fulton Jail. Captain Thompson-Winfrey was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met. Captain Thompson-Winfrey may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Captain Thompson-Winfrey is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction

5

of this Court. She may be served with Summons and Complaint at her business address at 185 Central Avenue S.W., Atlanta, Georgia 30303.

10. Defendant Colonel Mark Adger is a Colonel with the Fulton County Sheriff's Office, is the Chief Jailer of the Fulton County Jail, and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail. Colonel Adger was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met. Colonel Adger may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Colonel Adger is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. He may be served with Summons and Complaint at his business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

11. Defendant Medical Director Meredieth Lightbourne is the Medical Director with the Fulton County Sheriff's Office, was appointed by Sheriff Jackson and Col. Adger, and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail with respect to the provision of mental health services to inmates. Defendant Lightbourne was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical and mental health needs were met. Defendant Lightbourne may have had direct

interaction with Ms. Brownlee and observed her physical and mental condition. Defendant Lightbourne is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

12. Defendant Detention Captain Tyna Taylor is a Captain appointed by Sheriff Jackson and Col. Adger and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail. Captain Taylor was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met. Captain Taylor may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Captain Taylor is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

13. Defendant Detention Lt. Pearlie Young is a Lieutenant appointed by Sheriff Jackson and Col. Adger and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail. Lt. Young was responsible for implementing the policies and procedures of the jail and ensuring

that the inmates serious medical needs were met.  Lt. Young may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Lt. Young is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court.  She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

14.    Defendant Lt. Colonel Kirt Beasley is a Colonel with the Fulton County Sheriff's Office and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail.  Lt. Colonel Beasley was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met.  Lt. Colonel Beasley may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Lt. Colonel Beasley is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court.  He may be served with Summons and Complaint at his business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

15.    Defendant Lt. Colonel Derrick Singleton is a Colonel with the Fulton County Sheriff's Office and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail.  Lt. Colonel Singleton was responsible

for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met. Lt. Colonel Singleton may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Lt. Colonel Singleton is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. He may be served with Summons and Complaint at his business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

16.    Defendant Major Kenneth Walker is a Major with the Fulton County Sheriff's Office and was responsible for the operation and supervision of staff and inmates at the South Fulton Jail. Major Walker was responsible for implementing the policies and procedures of the jail and ensuring that the inmates serious medical needs were met. Major Walker may have had direct interaction with Ms. Brownlee and observed her physical and mental condition. Major Walker is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. He/she may be served with Summons and Complaint at his/her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

17.    Defendant Tyana Hanks is a Detention Officer at the South Fulton Jail. She was assigned to the 7:00 a.m. to 3:00 p.m. shift during the period of Ms.

Brownlee's incarceration at the South Fulton Jail, she was assigned to the G-Pod where Ms. Brownlee was housed, and her duties regularly included security and inmate checks. During the course of Ms. Brownlee's incarceration Detention Officer Hanks observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Officer Hanks is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

18. Defendant Olivia Diokpara is a Deputy Sheriff with the Fulton County Sheriff's Office who, at all relevant times, was assigned to the South Fulton Jail. She was assigned to the 11:00 p.m. to 7:00 a.m. shift as a tower and floor officer during the period of Ms. Brownlee's incarceration at the South Fulton Jail, she was assigned to the G-Pod where Ms. Brownlee was housed, and her duties regularly included security and inmate checks. During the course of Ms. Brownlee's incarceration Deputy Diokpara observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Deputy Diokpara is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

10

19.    Defendant Angelic Douglas is a Deputy Sheriff with the Fulton County Sheriff's Office who, at all relevant times, was assigned to the South Fulton Jail. She was assigned to the 11:00 p.m. to 7:00 a.m. shift as a tower and floor officer during the period of Ms. Brownlee's incarceration at the South Fulton Jail, she was assigned to the G-Pod where Ms. Brownlee was housed, and her duties regularly included security and inmate checks. During the course of Ms. Brownlee's incarceration Deputy Douglas observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Deputy Douglas is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

20.    Defendant Antoinetta Bailey is a Deputy Sheriff with the Fulton County Sheriff's Office who, at all relevant times, was assigned to the South Fulton Jail. She was assigned to the 11:00 p.m. to 7:00 a.m. shift as a tower and floor officer during the period of Ms. Brownlee's incarceration at the South Fulton Jail, she was assigned to the G-Pod where Ms. Brownlee was housed, and her duties regularly included security and inmate checks. During the course of Ms. Brownlee's incarceration Deputy Bailey observed and monitored Ms. Brownlee

and had knowledge of her physical and mental condition. Deputy Bailey is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

21. Defendant Ebonite Cleveland is a Deputy Sheriff with the Fulton County Sheriff's Office who, at all relevant times, was assigned to the South Fulton Jail. She was assigned to the 11:00 p.m. to 7:00 a.m. shift as a tower and floor officer during the period of Ms. Brownlee's incarceration at the South Fulton Jail, she was assigned to the G-Pod where Ms. Brownlee was housed, and her duties regularly included security and inmate checks. During the course of Ms. Brownlee's incarceration Deputy Cleveland observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Deputy Cleveland is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

22. Sergeant Cheryl Limehouse is a Sergeant with the Fulton County Sheriff's Office who, at all relevant times, was assigned to the South Fulton Jail.

She was the 7:00 a.m. to 3:00 p.m. shift supervisor who was responsible for supervision of the activities in the G-Pod where Ms. Brownlee was housed. Cheryl Limehouse's duties included supervision of both staff and inmates, including Ms. Brownlee. During the course of Ms. Brownlee's incarceration Sgt. Limehouse observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Sgt. Limehouse is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

23. Defendant Sergeant Jessica Stewart is a Sergeant with the Fulton County Sheriff's Office who, at all relevant times, was assigned to the South Fulton Jail. She was the 11:15 p.m. – 4:15 a.m. shift supervisor who was responsible for supervision of the activities in the G-Pod where Ms. Brownlee was housed. Sergeant Stewart's duties included supervision of both staff and inmates, including Ms. Brownlee. During the course of Ms. Brownlee's incarceration Sgt. Stewart observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Sgt. Stewart is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served

with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

24.    Defendant Samuel Norva is a Booking Officer at the South Fulton Jail and was the Booking Officer responsible for booking Ms. Brownlee and completing all necessary booking and screening procedures to ensure that she was appropriately classified and evaluated for proper medical treatment. Officer Norva is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. He may be served with Summons and Complaint at his business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

25.    Defendant Kisha Campbell is a Deputy with the Fulton County Sheriff's Office who was assigned to intake during the period of Ms. Brownlee's incarceration, observed and monitored Ms. Brownlee, and had knowledge of Ms. Brownlee's physical and mental condition. Deputy Campbell is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Fulton County Jail, 901 Rice Street N.W., Atlanta, Georgia 30318.

26.    Defendant Carla Spells is a registered nurse employed by Wellpath, LLC to provide medical services to inmates in the South Fulton Jail. During the

course of Ms. Brownlee's incarceration Carla Spells observed and monitored Ms. Brownlee and had knowledge of her physical and mental condition. Nurse Spells is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Wellpath, LLC, 1941 Phinizy Road, Augusta, Georgia 30906.

27. Defendant Nurse Franklin, first name unknown, is a registered nurse employed by Wellpath, LLC to provide medical services to inmates in the South Fulton Jail. During the course of Ms. Brownlee's incarceration Nurse Franklin observed, treated or monitored Ms. Brownlee, and had knowledge of her physical and mental condition. Nurse Franklin is a citizen and resident of Georgia who works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Wellpath, LLC, 1941 Phinizy Road, Augusta, Georgia 30906.

28. Defendant Nurse Nwanko, first name unknown, is a registered nurse employed by Wellpath, LLC to provide medical services to inmates in the South Fulton Jail. During the course of Ms. Brownlee's incarceration Nurse Nwanko observed, treated, or monitored Ms. Brownlee, and had knowledge of her physical and mental condition. Nurse Nwanko is a citizen and resident of Georgia who

15

works in Fulton County and is subject to the jurisdiction of this Court. She may be served with Summons and Complaint at her business address at Wellpath, LLC, 1941 Phinizy Road, Augusta, Georgia 30906.

29.    The Unknown Jail Officer Defendants are those as yet unknown officers who worked at the South Fulton Jail and directly interacted with and monitored Ms. Brownlee during the course of her incarceration.

30.    The Unknown Jail Nurse Defendants are those as yet unknown nurses who were employed by Wellpath, LLC to provide medical services to inmates in the South Fulton Jail and who observed, treated, or monitored Ms. Brownlee during the course of her incarceration.

31.    The Defendant, Wellpath, LLC formerly known as Correct Care Solutions, LLC, is a Delaware Limited Liability Company, with its principal place of business located in Nashville, Tennessee, and has designated Corporate Creations Network Inc., whose address is 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066, as its registered agent for service of process in Georgia. Wellpath, LLC, may be served with Summons and Complaint at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066. Wellpath, LLC has transacted business in Fulton County, Georgia, and is subject to the jurisdiction of this Court.

32.    The Defendants Sheriff Theodore Jackson, Captain Tammy Thompson-Winfrey, Colonel Mark Adger, Captain Tyna Taylor, Medical Director Meredieth Lightbourne, Lt. Pearlie Young, Lt. Colonel Kirt. Beasley, Lt. Colonel Derrick Singleton, and Major Kenneth Walker are hereafter collectively referred to as the Jail Supervisor Defendants.

33.    The Defendants Tyana Hanks, Olivia Diokpara, Angelic Douglas, Antoinetta Bailey, Ebonite Cleveland, Cheryl Limehouse, Jessica Stewart, Samuel Norva, Kisha Campbell, and Unknown Jail Officer Defendants are hereafter collectively referred to as the Jail Officer Defendants.

34.    The Defendants Carla Spells, Nurse Franklin, Nurse Nwanko, and Unknown Jail Nurse Defendants are hereafter collectively referred to as the Jail Nurse Defendants.

35.    This is a claim brought pursuant to 42 U.S.C. §1983 for violations of the decedents' constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.  The Complaint also asserts pendent state law claims arising under Georgia law.

36.    This Court has original federal question jurisdiction over this action under 28 U.S.C. §§ 1331 as Plaintiffs alleges multiple counts arising under 42

17

U.S.C. § 1983.  The specific counts arising under 42 U.S.C. § 1983 are Counts I, II, III, IV, V, and VI.

37.    This Court has supplemental jurisdiction over the state law claims in accordance with 28 U.S.C. § 1367.  The state law claims arise from the same facts and circumstances as the Plaintiff's federal law claims.

38.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a) because the facts that gave rise to the Plaintiff's allegations all occurred in Fulton County, Georgia, which is located within the Northern District of Georgia, Atlanta Division.

39.    Each Defendant is sued individually and in his or her official capacity as specifically stated in each count.

40.    On April 19, 2018, proper notice of claim was presented on behalf of Plaintiff Kevin Burney to Defendants Fulton County, Sheriff Theodore Jackson and the Fulton County Sheriff's Office and their agents, officers, and employees, by letter sent to Fulton County, Sheriff Theodore Jackson and the Fulton County Sheriff's Office, by hand delivery via process server; in accordance and compliance with O.C.G.A. s.  36-11-1, a true copy of said notice is attached as Exhibit A.

41.    At all times relevant each of the Defendants acted under color of state law.

42.    Defendants Fulton County, Sheriff Theodore Jackson, Captain Tammy Thompson-Winfrey, Colonel Mark Adger, Captain Tyna Taylor, Medical Director Meredieth Lightbourne, Lt. Colonel Kirt Beasley, Lt. Colonel Derrick Singleton, Major Kenneth Walker, Tyana Hanks, Olivia Diokpara, Angelic Douglas,  Antoinetta Bailey, Ebonite Cleveland, Cheryl Limehouse, Jessica Stewart, Samuel Norva, Kisha Campbell, the Unknown Jail Officer Defendants, Defendants Carla Spells, Nurse Franklin, Nurse Nwanko, the Unknown Jail Nurse Defendants, and Wellpath, LLC, are joint tortfeasors, and as such venue as to all Defendants is proper in this Court.

## FACTUAL ALLEGATIONS

43.    On February 17, 2017, Ms. Brownlee was released from the custody of the Arrendale State Prison, transported by the DeKalb County Sheriff's Office to the South Fulton Jail, and placed into the custody of the Fulton County Sheriff's Office at the South Fulton Jail.

44.    On that date and at all times relevant Ms. Brownlee was known to have serious and persistent mental illness, including without limitation schizoaffective disorder, bipolar disorder, schizophrenia, manic episodes with psychotic symptoms, and functional disorders.

45.    Ms. Brownlee was also known to have a history of self-harm and was known to be a substantial risk of imminent harm to herself.

46.    While housed in the Arrendale State Prison, Ms. Brownlee was treated for her serious and persistent mental illness and through a combination of treatment and medication she was competent and stable when she was released on February 17, 2017.

47.    Ms. Brownlee's initial intake at the South Fulton Jail was completed by Defendants Norva, Campbell, and/or Unknown Jail Officer Defendants.

48.    At the time of her initial intake at the South Fulton Jail Ms. Brownlee was known to have a serious a persistent mental health illness, was known to have

serious medical needs, and it was known that she was in need of a mental health evaluation and a treatment plan to ensure that she remained in stable condition throughout the period of her incarceration.

49.    Ms. Brownlee did not receive a mental health evaluation or a treatment plan.

50.    Rather, Ms. Brownlee was placed in an isolation cell in the G-Pod, which is designated by the Defendants as a "mental health pod."

51.    In the G-Pod Ms. Brownlee was placed in solitary confinement; she had little to no interaction with any other humans; she was isolated for at least 23 hours a day; she was fed through a slot in the door; the food she received was unsanitary, failed to meet minimum nutritional requirements, and often made her physically ill; she was denied access to mental health treatment, medication, or services; she was deprived of access to basic mental health and social needs such as access to an outdoor area, opportunity to socialize, classes, exercise, counseling, or reading materials; she was confined to a cell that was unsanitary, poorly maintained, and physically dangerous, and lacked consistent access to working plumbing or clean water; she was subjected to a persistent odor of urine, feces, and vomit; and she was sleep deprived; all of which was known to the Defendants.

21

52. The isolation, segregation, inadequate feeding, lack of consistent access to clean water and plumbing, and lack of access to mental health treatment, was known to Defendants to exacerbate mental health illness generally and specifically as to Ms. Brownlee.

53. Subsequent to intake at the South Fulton Jail and as a specific consequence of her isolation in the G-Pod and the lack of treatment and care for her serious and persistent mental health illness, Ms. Brownlee's mental health condition rapidly and severely deteriorated and she destabilized.

54. As her mental health condition deteriorated and she destabilized Ms. Brownlee was observed and monitored by the Jail Officer Defendants and the Jail Nurse Defendants.

55. As a result of her destabilization Ms. Brownlee lost competency, lost the capacity to care for herself, and repeatedly attempted to cause herself physical injury and harm.

56. Ms. Brownlee's mental health destabilization, inability to care for herself, and attempts to cause herself physical injury were serious medical needs, which required competency restoration, crisis stabilization intervention, and continued specialized mental health care to ensure continued competency and stabilization.

57.     Ms. Brownlee's mental health destabilization, inability to care for herself, and attempts to cause herself physical injury were known to the Jail Officer Defendants and the Jail Nurse Defendants.

58.     Ms. Brownlee's serious medical need for competency restoration, crisis stabilization intervention, and continued specialized mental health care to ensure continued competency and stabilization, were known to the Jail Officer Defendants and the Jail Nurse Defendants.

59.     Ms. Brownlee did not receive any of the medical care and treatment that she required for her serious medical needs from the Jail Officer Defendants or from the Jail Nurse Defendants, despite their knowledge that such was required.

60.     As a result of the failure of the Jail Officer Defendants and the Jail Nurse Defendants to provide the competency restoration, crisis stabilization intervention, and continued specialized mental health care treatment which Ms. Brownlee required, Ms. Brownlee became incompetent, lost any ability to care for herself, and made repeated attempts to cause herself bodily harm, all of which was known to the Jail Officer Defendants and to the Jail Nurse Defendants.

61.     Ms. Brownlee's severe destabilization, mental incompetency, inability to care for herself, and attempts at self-harm were manifested in multiple ways that were observable and known to the Jail Officer Defendants and the Jail Nurse

23

Defendants, including her affect, obvious disorientation, inability to maintain her cell in a sanitary condition, physical injuries, failure to eat, failure to take medication, and the presence of blood, trash, and food waste throughout her cell.

62.    On April 22, 2017, as a direct consequence of the failure of the Jail Officer Defendants and the Jail Nurse Defendants to provide the competency restoration, crisis stabilization intervention, and continued specialized mental health care treatment which Ms. Brownlee required, Ms. Brownlee suffered or caused herself to suffer a head injury which caused substantial bleeding, and attempted to further harm herself by swallowing a plastic spoon and a plastic toothbrush.

63.    At 7:31 a.m. on April 22, 2017, Defendant Tyana Hanks observed Ms. Brownlee in her cell naked, actively bleeding from her forehead, with dried menstrual blood on her inner thighs, disoriented, and in obvious need of serious and urgent medical treatment.

64.    Ms. Brownlee was then left in her cell for almost 40 minutes, until 8:08 a.m., when Tyana Hanks opened her cell door.  Olivia Diokpara, and/or Cheryl Limehouse were also present at this time.

65.    A minute later, at 8:09 a.m., Ms. Brownlee exited her cell naked, unsteady, actively bleeding from her forehead, with dried menstrual blood on her

inner thighs, disoriented, and in obvious need of serious and urgent medical treatment.

66.     Ms. Brownlee then walked around the pod area for approximately 20 minutes, naked, bleeding, covered in blood, and clearly dazed and disoriented, with no person even attempting to provide any medical care.

67.     At 8:35 a.m. Ms. Brownlee was dressed by Diokpara, Hanks, and/or Limehouse.  At this time she remained plainly disoriented and in obvious need of serious and urgent medical treatment.

68.     At 8:42 a.m. Ms. Brownlee was taken by Diokpara, Hanks, Limehouse, and nurse Spells towards the medical unit for evaluation.

69.     At 8:53 a.m. Ms. Brownlee collapsed and emergency medical services was called.  Shortly thereafter she began convulsing.

70.     Emergency medical technicians arrived at 9:04 a.m. and attempted lifesaving measures, including chest compressions, but to no avail.

71.     Emergency medical technicians departed with Ms. Brownlee at 9:22 a.m., and upon arrival at the hospital Ms. Brownlee was pronounced dead.

**COUNT I – 42 U.S.C. s. 1983 – Deliberate Indifference to Serious Medical**

**Needs against the Jail Officer Defendants and Jail Nurse Defendants**

72.    All prior paragraphs are incorporated by reference.

73.    This Count is brought against the Jail Officer Defendants and Jail Nurse Defendants in their individual capacities only.

74.    At all times the Jail Officer Defendants and Jail Nurse Defendants were acting under color of law.

75.    At all times while she was incarcerated at the Fulton County Jail, Ms. Brownlee suffered a serious and persistent mental illness which required substantial attention, observation, medication and treatment in order for her to remain competent, stable, and capable of caring for herself, and to prevent her from harming herself.

76.    The Jail Officer Defendants and the Jail Nurse Defendants were aware of Ms. Brownlee's serious and persistent mental illness, and that it required substantial attention, observation, medication and treatment in order for her to remain competent, stable, and capable of caring for herself, and to prevent her from harming herself.

77.    Nevertheless, the Jail Officer Defendants and Jail Nurse Defendants failed to provide the attention, observation, medication and treatment that was

26

necessary in order for Ms. Brownlee to remain competent, stable, and capable of caring for herself, and to prevent her from harming herself.

78.    As a result of the Jail Officer Defendants' and Jail Nurse Defendants' failure to provide the attention, observation, medication and treatment Ms. Brownlee needed to address her serious and persistent mental health illness, Ms. Brownlee's condition deteriorated, she destabilized, she became incompetent, she lost the capacity to care for herself, she attempted to harm herself, and she actually harmed herself.

79.    As her mental health condition worsened, Ms. Brownlee's urgent need for serious medical attention became even more obvious and known to the Jail Officer Defendants and the Jail Nurse Defendants.

80.    Nevertheless, the Jail Officer Defendants and Jail Nurse Defendants failed to provide the attention, observation, medication and treatment that was necessary in order for Ms. Brownlee to remain competent, stable, and capable of caring for herself, and to prevent her from harming herself.

81.    On April 22, 2017, as result of her serious and persistent mental health illness and the complete lack of medical care and treatment for her illness provided by the Jail Officer Defendants and the Jail Nurse Defendants, Ms. Brownlee

attempted to harm herself by swallowing a plastic spoon and a toothbrush, which caused her death.

82.    The Jail Officer Defendants and Jail Nurse Defendants were deliberately indifferent to Ms. Brownlee's serious medical needs by: failing to provide the attention, observation, medication, and treatment necessary to care for Ms. Brownlee's serious and persistent mental health illness; failing to provide medical care and treatment as Ms. Brownlee's condition deteriorated; and by failing to prevent Ms. Brownlee from causing harm to herself once her mental health condition deteriorated to the point that it was obvious she was engaged in self-harming behavior and could not meet her basic health needs.

83.    The Jail Nurse Defendants' and Jail Officer Defendants' conduct detailed above constituted deliberate indifference to the Ms. Brownlee's known serious and persistent mental health condition and the likely consequences of that condition, in violation of the law and Constitution of the United States and the State of Georgia, including, without limitation, the Eighth and Fourteenth Amendments to the United States Constitution.

84.    Ms. Brownlee's rights that were violated by the Jail Officer Defendants and the Jail Nurse Defendants are clearly established constitutional

rights of which a reasonable jail officer or jail nurse would have known at the time of the violation.

85. The violation of Ms. Brownlee's constitutional rights caused her pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

86. The violation of Ms. Brownlee's constitutional rights entitle Plaintiffs to an award of punitive damages.

## COUNT II – 42 U.S.C. s. 1983 – Deliberate Indifference to

## Serious Medical Needs – Official Capacity Claims

87. All prior paragraphs are incorporated by reference.

88. This Count is brought against the Jail Officer Defendants, Jail Nurse Defendants and Jail Supervisor Defendants, in their official capacities only, as well as against Wellpath, LLC, the Fulton County Sheriff's Office, and Fulton County (hereafter the "official capacity Defendants").

89. At all times the official capacity Defendants were acting under color of law.

90. At all times the Jail Officer Defendants and Jail Nurse Defendants were acting in their official capacity on behalf of their respective employers.

91.    Each of the violations of Ms. Brownlee's constitutional rights which are alleged in Count I, above, were committed by the Jail Officer Defendants and Jail Nurse Defendants pursuant to the custom, practice, policy, and or procedure of their respective employers.

92.    Specifically, it was the custom, practice, policy or procedure of the Fulton County, Fulton County Sheriff's Office and Wellpath, LLC to incarcerate individuals at the South Fulton Jail who had serious and persistent mental health illnesses without having the adequate personnel, facilities, resources, knowledge, training, experience, or expertise to care for these individuals.

93.    Moreover, Fulton County, Fulton County Sheriff's Office and Wellpath, LLC had specific knowledge that the personnel, facilities, resources, knowledge, training, experience, and expertise that was available at the South Fulton Jail was inadequate to sufficiently care for the serious and persistent mental illnesses of inmates incarcerated at the South Fulton Jail, and they had specific knowledge that the likely consequence of this inadequate personnel, facilities, resources, knowledge, training, experience, and expertise was that the inmates' mental illnesses would worsen and that their stability and competence would deteriorate.

94.     Further, Fulton County, Fulton County Sheriff's Office and Wellpath, LLC had specific knowledge that, as a result of the lack of care and deterioration of their condition, it was likely that their mentally ill inmates would attempt to harm themselves or others.

95.     Essentially, Fulton County, Fulton County Sheriff's Office and Wellpath, LLC knew that they were incarcerating inmates at the South Fulton Jail with mental illnesses that they were not capable of caring for, and they knew the likely consequence of these practices was that inmates would get hurt, but they did it nonetheless.

96.     Fulton County, Fulton County Sheriff's Office and Wellpath, LLC also knew that inmates housed at the South Fulton Jail had a clearly established constitutional right to receive adequate care for their serious and persistent mental health illnesses, and that in many cases the South Fulton Jail lacked adequate personnel, facilities, resources, knowledge, training, experience, and expertise to provide the medical care these inmates needed.

97.     Fulton County, Fulton County Sheriff's Office and Wellpath, LLC's custom, practice, policy or procedure to incarcerate persons at the South Fulton Jail who had serious and persistent mental health illnesses without having the adequate personnel, facilities, resources, knowledge, training, experience, or expertise to

31

care for these serious and persistent mental health illnesses, violated the constitutional rights of each inmate with serious medical needs which are not met, and specifically caused the violation of Ms. Brownlee's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

98.    Fulton County, Fulton County Sheriff's Office and Wellpath, LLC's custom, practice, policy or procedure of incarcerating individuals at the South Fulton Jail who had serious and persistent mental health illnesses without having adequate personnel, facilities, resources, knowledge, training, experience, or expertise to care for these individuals, constituted deliberate indifference to Ms. Brownlee's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

99.    The violation of Ms. Brownlee's constitutional rights caused her pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

100.    The violation of Ms. Brownlee's constitutional rights entitle Plaintiffs to an award of punitive damages.

**COUNT III – 42 U.S.C. s. 1983 – Deliberate Indifference to Serious Medical Needs – Individual Capacity Claims against Jail Supervisor Defendants**

101.    All prior paragraphs are incorporated by reference.

102. This Count is brought against the Jail Supervisor Defendants, in their invidual capacities only.

103. The Jail Supervisor Defendants each had the individual duty and responsibility to oversee the operation of the Fulton County Jail, to set its customs, practices, policies, and procedures, and to ensure that the constitutional rights of the inmates incarcerated at that facility were not violated.

104. The Jail Supervisor Defendants knew that the personnel, facilities, resources, knowledge, training, experience, and expertise that was available at the South Fulton Jail was inadequate to sufficiently care for the serious and persistent mental illnesses of inmates incarcerated at the South Fulton Jail, and they had specific knowledge that the likely consequence of this inadequate personnel, facilities, resources, knowledge, training, experience, and expertise was that the inmates' serious and persistent mental illnesses would worsen and that their stability and competence would deteriorate.

105. The Jail Supervisor Defendants had specific knowledge that, as a result of the lack of care and deterioration of their condition, it was likely that their mentally ill inmates would attempt to harm themselves or others.

106. The Jail Supervisor Defendants also knew that inmates housed at the South Fulton Jail had a clearly established constitutional right to receive adequate

care for their serious and persistent mental health illness, and that in many cases the South Fulton Jail lacked adequate personnel, facilities, resources, knowledge, training, experience, and expertise to provide the medical care these inmates needed.

107. The Jail Supervisor Defendants were deliberately indifferent to the constitutional rights of the severely mentally ill inmates, including Ms. Brownlee, that were housed at the South Fulton Jail, and this deliberate indifference specifically caused the violation of Ms. Brownlee's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

108. The violation of Ms. Brownlee's constitutional rights caused her pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

109. The violation of Ms. Brownlee's constitutional rights entitle Plaintiffs to an award of punitive damages.

**COUNT IV – 42 U.S.C. s. 1983 – Unconstitutional Conditions of Confinement**

**Individual Capacity Claims**

110. All prior paragraphs are incorporated by reference.

111. This Count is brought against all Defendants in their individual capacities only.

112.   At all times the Defendants were acting under color of law.

113.   At all times while she was incarcerated at the Fulton County Jail, Ms. Brownlee suffered a serious and persistent mental illness which required substantial attention, observation, medication and treatment in order for her to remain competent, stable, and capable of caring for herself, and to prevent her from harming herself.

114.   At all times while she was incarcerated at the Fulton County Jail, Ms. Brownlee was confined in an isolation cell in the G-Pod in a manner which deprived her of basic human needs, including sanitation, exercise, social interaction, and mental health care.

115.   The Defendants were aware of Ms. Brownlee's serious and persistent mental illness, were aware that it required substantial attention, observation, medication and treatment in order for her to remain competent, stable, and capable of caring for herself, and to prevent her from harming herself, and were aware that the conditions of confinement deprived her of basic human needs, including sanitation, exercise, social interaction, and mental health care.

116.   The Jail Supervisor Defendants, additionally, each had the individual duty and responsibility to oversee the operation of the Fulton County Jail, to set its

customs, practices, policies, and procedures, and to ensure that the constitutional rights of the inmates incarcerated at that facility were not violated.

117. The Jail Supervisor Defendants knew that the conditions of confinement to which Ms. Brownlee and other inmates were subjected to at the South Fulton Jail were inadequate to sufficiently care for her serious and persistent mental illnesses, and they had specific knowledge that the likely consequence of these conditions of confinement was that Ms. Brownlee's and the other inmates' serious and persistent mental illnesses would worsen and that their stability and competence would deteriorate.

118. The Jail Supervisor Defendants had specific knowledge that, as a result of the conditions of confinement, it was likely that their mentally ill inmates would attempt to harm themselves or others.

119. The Jail Supervisor Defendants also knew that inmates housed at the South Fulton Jail had a clearly established constitutional right to conditions of confinement adequate to safely house individuals with serious and persistent mental health illness, and that the South Fulton Jail had inadequate and unconstitutional conditions of confinement.

120. The Jail Supervisor Defendants were deliberately indifferent to the constitutional rights of the severely mentally ill inmates, including Ms. Brownlee,

36

that were housed at the South Fulton Jail, and this deliberate indifference specifically caused the violation of Ms. Brownlee's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

121. As a result of the conditions of her confinement, Ms. Brownlee's condition deteriorated, she destabilized, she became incompetent, she lost the capacity to care for herself, she attempted to harm herself, and she actually harmed herself.

122. On April 22, 2017, as result of her serious and persistent mental health illness and the conditions of confinement to which she was subjected, Ms. Brownlee attempted to harm herself by swallowing a plastic spoon and a toothbrush, which caused her death.

123. The conditions of confinement to which the Defendants subjected Ms. Brownlee violated the law and Constitution of the United States and the State of Georgia, including, without limitation, the Eighth and Fourteenth Amendments to the United States Constitution.

124. Ms. Brownlee's rights that were violated by the Defendants are clearly established constitutional rights of which a reasonable jail officer, jail supervisor, or jail nurse would have known at the time of the violation.

125. The violation of Ms. Brownlee's constitutional rights caused her pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

126. The violation of Ms. Brownlee's constitutional rights entitle Plaintiffs to an award of punitive damages.

## COUNT V – 42 U.S.C. s. 1983 – Unconstitutional Conditions of Confinement
## Official Capacity Claims

127. All prior paragraphs are incorporated by reference.

128. This Count is brought against the Jail Officer Defendants, Jail Nurse Defendants and Jail Supervisor Defendants, in their official capacities only, as well as against Fulton County, Fulton County Sheriff's Office, and Wellpath, LLC.

129. At all times the official capacity Defendants were acting under color of law.

130. At all times the Jail Supervisor Defendants, Jail Officer Defendants and Jail Nurse Defendants were acting in their official capacity on behalf of their respective employers and Fulton County.

131. Each of the violations of Ms. Brownlee's constitutional rights which are alleged in Count IV, above, were committed by the Jail Supervisor Defendants,

38

Jail Officer Defendants and Jail Nurse Defendants pursuant to the custom, practice, policy, and or procedure of their respective employers.

132. Specifically, it was the custom, practice, policy or procedure of Fulton County, the Fulton County Sheriff's Office and Wellpath, LLC to incarcerate persons at the South Fulton Jail who had serious and persistent mental health illnesses and to confine such person in isolation and subject them to conditions that deprived them of basic constitutional rights, and in fact were known to exacerbate their mental health condition.

133. Moreover, Fulton County, Fulton County Sheriff's Office and Wellpath, LLC had specific knowledge that the personnel, facilities, resources, knowledge, training, experience, and expertise that was available at the South Fulton Jail in the G-Pod were inadequate and unconstitutional, and they had specific knowledge that the likely consequence of these conditions was that the inmates' serious and persistent mental illnesses would worsen and that their stability and competence would deteriorate.

134. Further, Fulton County, Fulton County Sheriff's Office and Wellpath, LLC had specific knowledge that, as a result of the conditions of confinement, it was likely that their mentally ill inmates would attempt to harm themselves or others.

135. Essentially, Fulton County, Fulton County Sheriff's Office and Wellpath, LLC knew that they were incarcerating inmates at the South Fulton Jail with mental illnesses in a manner that would make those conditions worse, and they knew that the likely consequence of these practices was that inmates would get hurt, but they did it nonetheless.

136. Fulton County, Fulton County Sheriff's Office and Wellpath, LLC also knew that inmates housed at the South Fulton Jail had a clearly established constitutional right not to be subjected to these conditions.

137. Fulton County, Fulton County Sheriff's Office and Wellpath, LLC's custom, practice, policy or procedure to incarcerate persons at the South Fulton Jail who had serious and persistent mental health illnesses in isolation cells that were known to be inadequate to address their serious mental health needs, and in fact were known to exacerbate their mental health, violated the constitutional rights of each inmate with serious and persistent mental health illness who was so confined, and specifically caused the violation of Ms. Brownlee's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

138. The violation of Ms. Brownlee's constitutional rights caused her pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

139.   The violation of Ms. Brownlee's constitutional rights entitle Plaintiffs to an award of punitive damages.

**COUNT VI – 42 U.S.C. s. 1983 –Equal Protection Violation for Denial of Jail Based Competency Restoration – Individual and Official Capacity Claims**

140.   All prior paragraphs are incorporated by reference.

141.   This Count is brought against the Fulton County, the Fulton County Sheriff's Office, and the Jail Supervisor Defendants, in their individual and official capacities.

142.   Fulton County, the Fulton County Sheriff's Office, and the Jail Supervisor Defendants operate a jail-based competency restoration program which is available only to males housed in the Fulton County Jail System.

143.   As a result of the lack of treatment for her serious medical needs and her conditions of confinement; Ms. Brownlee destabilized and became incompetent during the period of her incarceration in the South Fulton Jail and required immediate competency restoration.

144.   Ms. Brownlee did not have access to immediate competency restoration because she was female.

145. Rather, as a female, Ms. Brownlee's only access to a competency restoration program was through outside facilities whose waiting lists were too long to provide necessary and timely treatment.

146. Had Ms. Brownlee been male, she would have had immediate access to a jail-based competency restoration program.

147. Had Ms. Brownlee been provided immediate access to a jail-based competency restoration program, she would have received mental health treatment which she required to reestablish competency and stabilization, and to address her self-harming behaviors.

148. It was the custom, practice, policy or procedure of Fulton County and the Fulton County Sheriff's Office to provide jail-based competency restoration programs to males only, and not to females.

149. The exclusion of Ms. Brownlee and other female inmates from the jail-based competency restoration program that was available to male inmates lacked justification, and specifically violated Ms. Brownlee's clearly established right to equal protection under the law guaranteed by the Fourteenth Amendment to the United States Constitution.

150. The violation of Ms. Brownlee's constitutional rights caused her pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

151. The violation of Ms. Brownlee's constitutional rights entitle Plaintiffs to an award of punitive damages.

## COUNT VII –Negligence against Individual Defendants

### (Simple and Professional)

152. All prior paragraphs are incorporated by reference.

153. This Count is brought against the Jail Officer Defendants, Jail Supervisor Defendants, and Jail Nurse Defendants, in their individual capacities only.

154. At all times the Jail Nurse Defendants, Jail Officer Defendants, and Jail Supervisor Defendants owed a duty to Plaintiffs and Plaintiffs' decedent to exercise reasonable care under the circumstances to provide Ms. Brownlee access to adequate mental health care during the period of her incarceration, to address her destabilization and incompetency by placing her in a facility that was adequate to meet her serious medical needs, and to address the known risk that she was a danger to herself and likely to cause herself harm.

43

155.   At all times the Jail Nurse Defendants owed an additional duty of care to provide Ms. Brownlee with medical nursing care within the standard of care, as defined under Georgia law.

156.   The Jail Nurse Defendants, Jail Officer Defendants and the Jail Supervisor Defendants breached their respective duties of care by, amongst other things, failing to provide Ms. Brownlee access to adequate mental health care, by denying Ms. Brownlee access to adequate medical care, by ignoring her destabilization and incompetency, and by failing to take reasonable steps to address her known risk of danger to herself.

157.   The Jail Supervisor Defendants further breached their duty of care by, amongst other things: inadequately staffing the South Fulton Jail; failing to implement reasonable policies and procedures with respect to providing access to mental health care to Ms. Brownlee and other inmates with known serious and persistent mental health illnesses; failing to train the South Fulton Jail staff with respect to recognizing and addressing the serious medical needs of Ms. Brownlee and other inmates with known serious and persistent mental health illnesses; failing to supervise the operations at the South Fulton Jail to ensure that inmates with serious and persistent mental health illnesses were receiving access to adequate mental health care; and implementing customs, policies and procedures which

44

denied Ms. Brownlee and other inmates with serious and persistent mental health illnesses access to adequate mental health care.

158. The breaches of the duty of care owed by the Jail Nurse Defendants, Jail Officer Defendants and the Jail Supervisor Defendants were the actual and proximate cause of Ms. Brownlee's pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

## COUNT VIII –Negligence against Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office (Simple and Professional)

159. All prior paragraphs are incorporated by reference.

160. This Count is brought against the Fulton County, the Fulton County Sheriff's Office, and Wellpath, LLC.

161. At all times the Jail Nurse Defendants, Jail Officer Defendants, and Jail Supervisor Defendants were acting in the course and scope of their employment with, and at the direction of Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office, and for purposes of furthering their employer's interests.

162. Further, Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office each owed a duty to Plaintiffs and Plaintiffs' decedent to exercise reasonable care under the circumstances to provide Ms. Brownlee access to

adequate mental health care during the period of her incarceration, to address her destabilization and incompetency by placing her in a facility that was adequate to meet her serious medical needs, and to address the known risk that she was a danger to herself and likely to cause herself harm.

163. Further, Wellpath, LLC owed an additional duty of care to provide Ms. Brownlee with medical nursing care within the standard of care, as defined under Georgia law.

164. Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office breached their respective duties of care by, amongst other things, failing to provide Ms. Brownlee access to adequate mental health care, by denying Ms. Brownlee access to adequate medical care, by ignoring her destabilization and incompetency, and by failing to take reasonable steps to address her known risk of danger to herself.

165. Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office further breached their duty of care by, amongst other things: inadequately staffing the South Fulton Jail; failing to implement reasonable policies and procedures with respect to providing access to mental health care to Ms. Brownlee and other inmates with known serious and persistent mental health illnesses; failing to train the South Fulton Jail staff and medical providers with respect to

recognizing and addressing the serious medical needs of Ms. Brownlee and other inmates with known serious and persistent mental health illnesses; failing to supervise the operations at the South Fulton Jail to ensure that inmates with serious and persistent mental health illnesses were receiving access to adequate mental health care; and implementing customs, policies and procedures which denied Ms. Brownlee and other inmates with serious and persistent mental health illnesses access to adequate mental health care.

166.   The breaches of the duty of care were committed by and through the agents, employees, or contractors Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office.  The agents, employees, or contractors who committed the breaches are both those individuals names in the complaint, and persons not yet known or named who were acting on behalf of Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office and for whom Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office are liable.

167.   The breaches of the duty of care owed by Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office were the actual and proximate cause of Ms. Brownlee's pain, suffering, and death and caused the injuries and damages to the Plaintiffs and the Decedent's estate alleged herein.

168. Wellpath, LLC, Fulton County, and the Fulton County Sheriff's Office are further vicariously liable for the breaches of care committed by the individuals names in this complaint, and any of their other agents, employees, or contractors who interacted with Ms. Brownlee or provided any care to her on their behalf.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against the Defendants as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and Answer Plaintiffs' Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of the Plaintiffs and against the Defendants for compensatory damages in an amount in excess of $10,000 as will fully compensate:

(a) Plaintiff Kevin Burney, and Administrator of the Estate of Kesha Brownlee for all of her person injuries, funeral expenses, burial expenses, medical expenses, and pain and suffering, plus interest and costs; and

(b) Plaintiffs Kevin Burney, Kevaughn Burney, and Kemal Burney, as surviving children of Kesha Brownlee, for the full value of her life;

4.     That the Court award and enter a judgment in favor of the Plaintiffs and against the Defendants for punitive damages, costs, and attorney's fees;

5.     That Plaintiffs have a trial by jury as to all issues; and

6.     That Plaintiffs have further relief as the Court may deem just and proper.

RESPECTFULLY submitted this 19th day of April, 2019.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Miguel A. Dominguez*_____
Miguel A. Dominguez
Georgia Bar No. 301860
191 Peachtree Street N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343

*Counsel for Plaintiffs*

## LR 7.1 (D) ND.Ga. CERTIFICATE

This is to certify that the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL** has been prepared using one of the font and point selections approved in LR 5.1 ND.Ga.: Times New Roman (14 point).

This 19th day of April, 2019.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Miguel A. Dominguez*
Miguel A. Dominguez
Georgia Bar No. 301860
191 Peachtree Street N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343

*Counsel for Plaintiffs*

# MORGAN & MORGAN®

## —Attorneys At Law—

SUITE 4200
191 PEACHTREE STREET NE
POST OFFICE BOX 57007
ATLANTA, GA 30343-1007
(404) 965-8811
FAX: (404) 965-8812

April 19, 2018

*Hand Delivery via Process Server*
Gregory C. Dozier, Commissioner
Georgia Department of Corrections
7 Martin Luther King Drive, Suite 543
Atlanta, Georgia 30334

*Hand Delivery via Process Server*
Mr. Chris Carr
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334

*Hand Delivery via Process Server*
Risk Management Division
Mr. Wade Damron
Department of Administrative Services
State of Georgia
200 Piedmont Avenue S.E.
Suite 1208 West Tower
Atlanta, Georgia  30334-9010

*Hand Delivery via Process Server*
Nathan Deal, Governor
Office of the Governor
206 Washington Street
111 State Capitol
Atlanta, Georgia 30334

*Via Federal Express Overnight*
Brooks L. Benton, Warden
Lee Arrendale State Prison
2023 Gainesville Highway South
P.O. Box 709
Alto, Georgia 30510

Re:   Ante Litem Notice of Tort Claim
      Our Client(s):  The Surviving Children of Kesha T. Brownlee (deceased)
      Date of Incident:  4/22/2017
      Your Claim No:  Please Provide

To Whom It May Concern:

Please be advised that the undersigned serves as counsel to Kevin Burney, as a surviving son of Kesha Brownlee, representing him for claims resulting from the above-referenced incident, which occurred at the Fulton County Jail South Annex, also known as, the South Fulton Municipal Regional Jail located at 6500 Watson Street, Union City, Georgia 30291 on April 22, 2017. Ms. Kesha Brownlee was an inmate of the Fulton County Jail when she was found dead in her cell, as a result of a perforated Pharyngitis associated with Pica.

ATLANTA, GA ◆ BOWLING GREEN, KY ◆ COLUMBUS, GA ◆ DAYTONA BEACH, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL ◆ KISSIMMEE, FL ◆ LAKELAND, FL
LEXINGTON, KY ◆ LOUISVILLE, KY ◆ MANHATTAN, NY ◆ MELBOURNE, FL ◆ MEMPHIS, TN ◆ NAPLES, FL ◆ NASHVILLE, TN ◆ ORLANDO, FL ◆ PLANTATION, FL
ST. PETERSBURG, FL ◆ SARASOTA, FL ◆ SAVANNAH, GA ◆ TALLAHASSEE, FL ◆ TAMPA, FL ◆ TAVARES, FL ◆ THE VILLAGES, FL ◆ WINTER HAVEN, FL



EXHIBIT "A"

Ante Litem Notice
April 19, 2018
Page 2

## NOTICE OF CLAIM

Within twelve (12) months of the date described above, this Notice is being sent pursuant to the requirements of O.C.G.A. § 50-21-26 to provide you with a ninety (90) day opportunity for adjustment of a tort claim against the State as a result of the following incident:

(a)     Name of the State Government entity involved: State of Georgia, Georgia Department of Corrections;

(b)     Time:  April 22, 2017; approximately 9:01am;

(c)     Place: Arrendale State Prison - Alto, GA

(d)     Nature of Loss Suffered:  Wrongful death of Kesha Brownlee;

(e)     Amount of Loss Claimed: The Children of Kesha Brownlee, individually and collectively, give notice of their claim for the wrongful death of Kesha Brownlee, for which they are entitled to recover damages for the full value of her life. Damages for the full value of the life of Kesha Brownlee exceed $2,000,000. At the time of her death, Kesha Brownlee was 44 years old. The value of economic losses from the wrongful death of Kesha Brownlee total in excess of $1,000,000. The value of the non-economic losses from the wrongful death of Kesha Brownlee total in excess of $1,000,000.

The Estate of Kesha Brownlee, gives notice of her claim on behalf of the Estate, for which she is entitled to recover damages for the injury, pain, suffering, medical, funeral and burial expenses of Kesha Brownlee. The value of the non-economic damages for the injury, pain and suffering of Kesha Brownlee total in excess of $1,000, 000; and

(f)     Ms. Brownlee suffered from a mental illness and was an inmate at Lee Arrendale State Prison from January 25, 2016 until February 17, 2017, when she was released to the Fulton County Sheriff Office and transported to the Fulton County Jail South Annex also known as the South Fulton Municipal Regional Jail located at 6500 Watson Street, Union City, Georgia 30291. As a result of the negligence of Lee Arrendale State Prison staff, pertinent medical information regarding Ms. Brownlee's mental health and prescribed medication was not provided in a timely manner to the Fulton County Jail. Additionally, Lee Arrendale State Prison failed to develop, enact and implement an appropriate aftercare treatment plan for Ms. Kesha Brownlee and provide her prescribed medication to the Fulton County Jail.

As a result, of this failure on the part of Lee Arrendale State Prison staff, Ms. Brownlee did not receive her mental health medication as prescribed and did not

Ante Litem Notice
April 19, 2018
Page 3

receive adequate medical services while in the custody of the Fulton County Jail and the Fulton County Sheriff's Office. As a result of Arrendale prison officials' negligence and wanton disregard for Ms. Brownlee's health, she decompensated and fatally succumbed to her injuries and her mental health condition.

No action to make a civil recovery for these claims will be commenced except upon the expiration of ninety days (90) following receipt of this notice, or the State's denial of the claim, which ever occurs first.

The information supplied herein is provided for the purposes of allowing you to conduct an investigation of the alleged incident and determine if the claim should be settled without litigation. Should you require additional information for that determination, please feel free to contact my office directly at (404) 965-1635.

Respectfully,

**MORGAN & MORGAN ATLANTA, PLLC**

Miguel A. Dominguez, Esq.